Circuit Court of Cuyahoga County.

ALOIS ZUPANIC v. VILLAGE OF COLLINWOOD.

Decided, December 9, 1907.

*Transcript and Bill of Exceptions from Mayor's Court—Official Seal.*

A transcript and bill of exceptions prepared for the purpose of reviewing a judgment of conviction in a mayor's court must be authenticated by the official seal of the mayor.

*F. C. Friend,* for plaintiff in error.
*H. H. Tracy,* contra.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

Plaintiff in error was convicted before the mayor of Collinwood of violating an ordinance of said village making it unlawful to keep open on Sunday a room in which on other days of the week intoxicating liquors were sold, furnished and given away as a beverage.

He filed a petition in error in the common pleas court to reverse said judgment of conviction, but said court affirmed the judgment, whereupon petition in error was filed in this court to reverse both of said judgments.

The errors alleged to have occurred upon the trial of plaintiff in error can not be reviewed in this court, and were not properly reviewable in the common pleas court, because the petition in error is not accompanied by sufficient transcript and bill of exceptions. The reason the transcript and bill filed are not sufficient is because they are not authenticated by the seal of the mayor before whom the trial was had.

Section 1536-775, Reveised Statutes, provides that a conviction under an ordinance of any municipal corporation may be reviewed by petition in error. And for this purpose a bill of exceptions may be taken, or a statement of facts embodied in the record on the application of any party.

Section 1536-774, Revised Statutes, provides that the mayor shall be furnished with a corporate seal of the corporation.

Section 1536-773a, Revised Statutes, provides that the mayor "shall subscribe his name and affix his official seal to all writs, process, transcripts and other official papers."

A bill of exceptions is an official paper and transcripts are specifically mentioned in the section. In order that such documents may be considered by a reviewing court they must be authenticated in the manner provided by law, and when not so authenticated, should be stricken from the files.

Under the act of April 12, 1858, "to relieve district courts" (S. & C., 1155), bills of exceptions from the common pleas court were required to be signed and sealed. The authority for taking bills of exceptions being statutory, it was held in the case of *Rankin* v. *Sanderson*, 35 O. S., 482, that the absence of a seal prevented a consideration of the bill of exceptions by a reviewing court.

Following that authority in this case, the transcript and bill of exceptions are stricken from the files and the petition in error is dismissed.